IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,     )
                              )
              Plaintiff,      )        8:11CR70
                              )
       v.                     )
                              )
VICTOR RAMIREZ,               )        MEMORANDUM OPINION
                              )
              Defendant.      )
_____)
```

This matter is before the Court on the motion of defendant Victor Ramirez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Filing No. 70, with brief, Filing No. 71). After careful review of the motion, the brief, and the relevant law, the Court finds the motion should be denied.

On July 15, 2011, Ramirez pled guilty, without a plea agreement with the government, to Count I of an indictment alleging violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). On October 17, 2011, Ramirez was sentenced to seventy months imprisonment and three years supervised release (Filing No. 57). Ramirez did not appeal the district court's judgment. Now, Ramirez files a motion to vacate under 28 U.S.C. § 2255, which contains a statute of limitations:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -- (1) the date on which the judgment of conviction becomes final; . . . or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Ramirez filed his § 2255 motion on February 28, 2013, more than a year after the date on which his judgment of conviction became final, claiming that he received both ineffective assistance of counsel and an unreasonable sentence. Ramirez claims that he told his counsel to file an appeal, but that Ramirez did not discover that the appeal had not been filed until June 2012, seven months into the one-year time limitation that he had to file a § 2255 motion. At that point, Ramirez had difficulty finding "a fellow inmate who could assist him" or "[S]panish law materials to do his own research" (Filing No. 71, at 10). "The library at this facility does not have Spanish law books, so the only option left for [Ramirez] was to find someone who could assist him with this petition, which, considering the [prison] consists mostly of deportable aliens, was not an easy task" (*Id.*). "[H]aving finally succeeded, this petition was prepared shortly thereafter" (*Id.*).

Ramirez acknowledges that his § 2255 motion was filed outside of the one-year statute of limitations running from the time his judgment of conviction was final. Nevertheless, Ramirez requests equitable tolling of the statute under 28 U.S.C.

-2-

§ 2255(f)(4).  Ramirez claims that the Court should consider his § 2255 motion because he filed the motion within one year of the time that he discovered that his counsel had not filed an appeal.  Ramirez requests an evidentiary hearing.

The Eighth Circuit addressed similar issues in *Anjulo-Lopez v. United States*, 541 F.3d 814 (8th Cir. 2008).  In that case, the appellant-defendant also filed an untimely § 2255 motion in the district court following judgment without a direct appeal.  As here, the appellant claimed that he could not file the motion any earlier because he had only recently learned that his attorney had not filed a direct appeal.  In addition, Anjulo-Lopez "argued that extraordinary circumstances, including his lack of knowledge of the English language and inadequate access to the prison library, prevented him from filing a timely motion and warranted equitable tolling."  *Anjulo-Lopez*, 541 F.3d at 816.  The district court denied the motion as time-barred and denied the appellant's request for an evidentiary hearing.  The Eighth Circuit affirmed.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'"  *Anjulo-Lopez*, 541 F.3d at 817 (quoting *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005)).  "No hearing is required, however, 'where the claim is inadequate on

-3-

8:11-cr-00070-LES-FG3   Doc # 72   Filed: 03/07/13   Page 4 of 5 - Page ID # 220

its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Anjulo-Lopez*, 541 F.3d at 817 (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007)). "If it is apparent from the face of the motion and supporting record that Anjulo-Lopez's petition is untimely, then no hearing was, or is now, required." *Anjulo-Lopez*, 541 F.3d at 817 (quotation omitted). "To be entitled to invoke the statute of limitations contained in section 2255(f)(4), we have said that a petitioner 'must show the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact.'" *Id.* (quoting *E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir.2006)).

The Eighth Circuit noted, "That an appeal had not been filed was a matter of public record. And we think it clear from the face of the motion and record here that a duly diligent person in Anjulo-Lopez's circumstances could have unearthed that information anytime after the deadline for filing the appeal passed." *Anjulo-Lopez*, 541 F.3d at 819. "For the foregoing reasons, we think it plainly apparent that the limitations period set out in section 2255(f)(4) is unavailable to Anjulo-Lopez." *Id.* "As such, the district court did not abuse its discretion in dismissing his motion as untimely without an evidentiary hearing." *Id.*

As in *Anjulo-Lopez*, this Court finds that a duly diligent person, even facing the language barrier faced by both Anjulo-Lopez and Ramirez, could have discovered the absence of an appeal and filed a § 2255 motion within the required one-year time period following the date on which the judgment of conviction becomes final.  Therefore, this Court finds that "the limitations period set out in section 2255(f)(4) is unavailable" to Ramirez.  *Anjulo-Lopez*, 541 F.3d at 819.  It follows that this Court must deny Ramirez's motion as untimely without an evidentiary hearing.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 7th day of March, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court